IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | |
|---|---|
| PETER WILLIAM HARPER, | Cause No. CV 13-10-H-DLC-RKS |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| STATE OF MONTANA, | |
| Respondent. | |

_____

On January 25, 2013, Petitioner Peter William Harper filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Mr. Harper is a state prisoner proceeding pro se. He is currently housed at a pre-release center in Butte. He raises various challenges to a sentence imposed in 1996 for drug-related offenses, as well as to revocation of the suspended portion of that sentence in 2012. Originally, he was sentenced to serve 30 years, with ten suspended. Pet. (doc. 1) at 2 ¶¶ 2-3. On revocation, he was resentenced to serve ten years with five suspended. *Id.* at 14 ¶ 17.

On May 20, 2013, Mr. Harper was ordered to show cause why some of his claims should not be dismissed with prejudice as procedurally barred. He responded

1

on May 31, 2013.

## I. Preliminary Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court,* 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolaus*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). Consideration under Rule 4 "may properly encompass any exhibits attached to the petition." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases. Further, a court may take judicial notice of its own records, *Rand v. Rowland*, 154 F.3d 952, 961 (9th Cir. 1998) (en banc); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980), as well as other courts' records, *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011); *Zolg v. Kelly (In re Kelly)*, 841 F.2d 908, 911 n.1 (9th Cir. 1988). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Id.*; *see also* 28 U.S.C. § 2243.

## II. Background

Mr. Harper's allegations are sometimes confusing. Confusion is not diminished by the fact that Mr. Harper refused to follow the ordinary course of proceedings in state court. The Court has consulted the electronic records of the Montana Supreme Court, as well as reviewing Mr. Harper's previous and current submissions to this Court, to make sense of his claims and to fulfill its duty to avoid unnecessarily burdening the respondent. All citations to documents filed in or by the Montana Supreme Court may be viewed at http://supremecourtdocket.mt.gov (accessed June 3, 2013). *See Trigueros*, 658 F.3d at 987.

Mr. Harper was arrested in the summer of 2011. The State filed a petition to revoke the suspended portion of his 1996 sentence in Case No. DC-25-1995-167. Pet. at 5. It also filed one or more new charges against him, including a misdemeanor charge of resisting arrest in Case No. CDC 2011-204.[1] Judge McCarter presided over the revocation petition. Judge Seeley presided over the new case.

Mr. Harper was represented by counsel in both the revocation proceedings and on the new charges. *See, e.g.*, Resp. to Order (doc. 4) at 5; Resp. to Habeas Pet. at 2,

---

[1] This is not the complete case number. In another petition filed in this Court, Mr. Harper reported the case number as "CDC 2011-204." Pet. at 2 ¶¶ 1-5, *Harper v. State*, No. CV 12-106-H (D. Mont. filed Dec. 14, 2012). In his filings in the Montana Supreme Court, he reported it as ADV 2011-204. Notice of Appeal at 1, *Harper v. State*, No. DA 12-0211 (Mont. filed Apr. 3, 2012).

*Harper v. State*, No. OP 12-0107 (Mont. filed Apr. 2, 2012). In the fall of 2011, however, he filed a *pro se* petition for writ of habeas corpus in Montana district court. It was assigned Case No. ADV-2011-956. Mr. Harper challenged the legality of his 1996 sentence, sought access to the law library at the detention center, and alleged a lack of dental care. The Montana district court re-characterized his first claim as a claim for postconviction relief and denied it. Order at 1-2, *Harper v. State*, No. ADV-2011-956 (Mont. 1st Jud. Dist. Dec. 20, 2011) (*filed as* Pet. Ex. 1, *Harper v. State*, No. CV 12-9-H-DLC-RKS (D. Mont. Jan. 25, 2012)). The court ordered the State to respond to the claims regarding the law library and dental care.

On January 25, 2012, Mr. Harper filed a habeas petition *pro se* in this Court, alleging the same claims he filed in his habeas petition in the Montana district court and adding a claim that he was not properly served or given a show-cause hearing, pursuant to Mont. Code Ann. § 46-18-203(1), in the then-pending revocation proceeding. Pet. at 2-15, *Harper v. State*, No. CV 12-9-H-DWM-RKS (D. Mont. filed Jan. 25, 2012). The federal petition was recommended for dismissal on January 31, 2012. Findings and Recommendation (doc. 4) at 5, *Harper*, No. CV 12-9-H-DWM-RKS (D. Mont. Jan. 31, 2012).

Before the trial court decided the remaining two claims in the state habeas petition, Mr. Harper, acting *pro se*, filed a notice of appeal of the trial court's denial

4

of the first claim.  *See* Notice of Appeal at 1-2, *Harper v. State*, No. DA 12-0106 (Mont. filed Feb. 10, 2012).  On the same day, Mr. Harper also filed a *pro se* original petition for writ of habeas corpus in the Montana Supreme Court.  He alleged the same first two claims he had filed in the trial court and added the claim regarding lack of notice and a preliminary hearing in the revocation proceeding.  Pet. at 2-4, *Harper v. State*, No. OP 12-0107 (Mont. filed Feb. 10, 2012).

Meanwhile, back in the trial court, Mr. Harper sought a jury trial on the new charges.  Trial commenced on February 27 or 28, 2012.  A dispute arose between Mr. Harper and his counsel, a Ms. Quinn, regarding what evidence should be presented to the jury.  Although it is not clear exactly what happened, ultimately Mr. Harper pled guilty to resisting arrest.  He was sentenced to time served, which was 228 days in jail. *See* Pet. Ex. Br. Copy at 2 (doc. 1-1 at 2).[2]

On February 29, 2012, Mr. Harper's first habeas petition in this Court was denied in part and dismissed in part.  Order (doc. 5) at 4-5, *Harper*, No. CV 12-9-H-DWM (D. Mont. Feb. 29, 2012).  Mr. Harper did not appeal.

On April 3, 2012, Mr. Harper, again acting *pro se* in the trial court, filed a notice of appeal of a decision entered on or about February 27, 2012, in Case No.

---

[2] The scanned version of this document is illegible.  The paper copy is somewhat legible.

ADV 2011-204 – that is, the resisting arrest case. Notice of Appeal at 1, *State v. Harper*, No. DA 12-0211 (Mont. filed Apr. 3, 2012).

On or about April 4, 2012,[3] with counsel present, Mr. Harper's suspended sentence was revoked and he was sentenced to ten years in prison, with five suspended. Pet. at 14; Resp. to Order (doc. 4) at 5; *see also* Order at 2, *Harper*, No. OP 12-0107 (Mont. Apr. 24, 2012).

On April 24, 2012, the Montana Supreme Court denied Mr. Harper's *pro se* petition for writ of habeas corpus. The court held that Mr. Harper's sentence was not invalid on its face. The court did not address the claim regarding notice and preliminary hearing in the revocation proceeding because "an ordinary appeal will afford Harper an adequate remedy." Order at 2, *Harper*, No. OP 12-0107 (Mont. Apr. 24, 2012).

On June 4, 2012, Mr. Harper's time to appeal the revocation of his suspended sentence expired.

On August 13, 2012, the Montana Supreme Court advised Mr. Harper his *pro se* appeal of the resisting arrest conviction would be dismissed unless he filed his opening brief within 30 days. Mr. Harper did not file a brief. On October 2, 2012, the

---

[3] Not, as Mr. Harper occasionally says, 2011. Order at 2, *Harper v. State*, No. OP 12-0107 (Mont. Apr. 24, 2012); Findings and Recommendation (doc. 4) at 3-4, *Harper v. State*, No. CV 12-9-H-DWM-RKS (D. Mont. Jan. 31, 2012).

action was dismissed with prejudice. Order at 1, *State v. Harper*, No. DA 12-0211 (Mont. Oct. 2, 2012). Mr. Harper has stated that he was concerned he would not get a fair hearing from the Montana Supreme Court, because the County Attorney at the time of his original prosecution in 1995 was Mike McGrath, who is now the Chief Justice of the Montana Supreme Court. So Mr. Harper redirected his brief to the Attorney General instead of the Montana Supreme Court. Resp. to Order (doc. 4) at 1-2; *see also* Pet. at 3 ¶ 9(g), *Harper*, No. CV 12-106-H (D. Mont. filed Dec. 14, 2012).

In this Court, Mr. Harper, acting *pro se*, filed a second habeas petition on December 14, 2012, challenging his misdemeanor conviction for resisting arrest. Pet. (doc. 1) at 2 ¶¶ 1-5, *Harper v. State*, No. CV 12-106-H-DLC (D. Mont. filed Dec. 14, 2012). A recommendation for dismissal is pending. Findings and Recommendation (doc. 4) at 3, *Harper*, No. CV 12-106-H-DLC-RKS (D. Mont. May 20, 2013).

On December 19, 2012, the Montana Supreme Court affirmed the trial court's recharacterization and denial of Mr. Harper's *pro se* challenge to his 1996 sentence. Order at 3 ¶ 5, *Harper*, No. DA 12-0106 (Mont. Dec. 19, 2012).

At some point in the midst of all the foregoing proceedings, though it is not clear when, Mr. Harper filed complaints against Judge McCarter with the Judicial Standards Commission and against trial counsel with the Office of Disciplinary

7

Counsel.

Mr. Harper filed the petition at issue in this case on January 25, 2013. Much of it is not legible in the electronic record. His original submissions are retained and are reasonably legible in paper form. As stated, all of his submissions have been reviewed.

### III. Claims and Analysis

**A. 1996 Conviction and Sentence**

Some of Mr. Harper's claims are aimed at the conviction he incurred in 1996. *See, e.g.*, Pet. at 5, 7.[4] He contends that, when sentence was imposed in 1996, all but five years had to be suspended and, because only ten years of 30 were suspended, he was sentenced in excess of the statutory maximum.[5] He also alleges that an officer committed perjury at trial. Pet. at 6; Pet. Ex. (doc. 1-1) at 2; *State v. Harper*, 943 P.2d 1255, 187-88 (Mont. 1997) (describing testimony of Officer Jungers). In addition to these claims' obvious untimeliness, Mr. Harper has already litigated one federal habeas petition to completion on this conviction. *See Harper v. State*, Cause No. CV

---

[4] Page numbers refer to the numbers printed on the petition.

[5] The statute on which this claim is based was enacted well after Mr. Harper was sentenced. *Compare* Mont. Code Ann. § 46-18-201(1)(e) (1995) *with id.* § -201(1)(d)(i) (1999). Mr. Harper is aware of this fact. Order (doc. 5) at 3, *Harper* No. CV 12-9-H-DWM (Feb. 29, 2012).

8

12-9-H-DWM (D. Mont. judgment entered Feb. 29, 2012). All allegations challenging the 1996 judgment should be dismissed for lack of jurisdiction. 28 U.S.C. § 2244(c); *Burton v. Stewart*, 549 U.S. 147, 149 (per curiam).

**B. Revocation**

Mr. Harper asserts four claims in connection with the revocation proceedings. He alleges that Judge McCarter (1) failed to consider documents he filed pro se, Pet. at 8, 9, and (2) should have recused herself due to communications involving himself, his son, and his nephew, Pet. at 6, 9; (3) that counsel were ineffective in various respects and had a conflict of interest, forcing him to attempt to proceed pro se despite the presence of counsel, Pet. at 8, Resp. to Order (doc. 4) at 5; and (4) that he was not properly served with notice of the violations alleged by the State, Pet. Ex. (doc. 1-1) at 2.[6] Assuming Mr. Harper has federal due process rights at stake in each of these issues, he failed to properly present these claims in state court. Some of his *pro se* submissions alleged these claims, but none of them asserted a violation of his federal

---

[6] Mr. Harper also alleges that he was required to pay a $100.00 filing fee to move to substitute the trial judge, Pet. at 9, but he sought to file that motion in his habeas case, ADV 2011-956, not in the criminal/revocation case, which is the only one at issue in this petition. *See* Mot. to Substitute at 1 (doc. 1-1 at 8); Letter Mar. 29, 2012, Kallio to Harper at 1 (doc. 1-1 at 12). In addition, there is not an adequate nexus between Mr. Harper's custody and this allegation to support an application for federal habeas relief. *Bailey v. Hill*, 599 F.3d 976, 980 (9th Cir. 2010).

9

constitutional rights. *See* State Habeas Pet. at 4, *Harper v. State*, No. OP 12-0107 (Mont. Feb. 10, 2012) (Claim 4);[7] Appellant Br. at 1-3, *Harper v. State*, No. DA 12-0106 (Mont. June 21, 2012) (Claims 1-4). Further, none were presented in the course of the "established, normal appellate review procedure," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), because Mr. Harper did not appeal the revocation judgment. Consequently, his claims are unexhausted. *Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008).

No procedural avenue remains available in state court for Mr. Harper to present these claims. It is too late to pursue Claim 3, Mont. Code Ann. § 46-21-102(1)(a), and Claims 1, 2, and 4 are doubly barred because it is too late and because they could have been raised on direct appeal, *id.* §§ -102(1)(a), -105(2). As to those claims, state judicial remedies are barred. "Where a petitioner did not properly exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the petitioner's claim is procedurally defaulted" in federal court. *Smith v.*

---

[7] The Montana Supreme Court declined to consider Claim 4 when Mr. Harper presented it in his state habeas petition, advising him instead to pursue a direct appeal of the revocation judgment. Order at 2, *Harper*, No. OP 12-0107 (Mont. Apr. 24, 2012). Although its ruling almost certainly would constitute an adequate and independent state ground to support the judgment, *see* Mont. Code Ann. § 46-22-101(2), there is no need to decide that issue, because Mr. Harper did not allege a federal legal theory.

*Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007) (en banc).

Mr. Harper was given an opportunity to explain his procedural default. *See* Order (doc. 3) at 2-3. In response, he alleged (or re-alleged) facts concerning the course of proceedings in the trial court. These facts, even if true, do not excuse his failure to fairly present his federal claims to the Montana Supreme Court. In the course of two actions he filed *pro se* – one in the Montana Supreme Court and one in this Court – Mr. Harper was specifically advised that his remedy for any violation of his rights in the revocation proceeding was a timely appeal at the conclusion of the revocation case. *See* Order at 2, *Harper*, No. OP 12-0107 (Mont. Apr. 24, 2012); Findings and Recommendation (doc. 4) at 4, *Harper*, No. CV 12-9-H-DWM-RKS (D. Mont. filed Jan. 31, 2012). Mr. Harper did not file an appeal.

As the extensive history set forth above clearly shows, nothing has prevented Mr. Harper from filing in the state courts. As he says, "Petitioner believed filing to JSC [Judicial Standards Commission] and ODC [Office of Disciplinary Counsel] would give review of justice in cases." Pet. at 11. Mr. Harper's belief that extraordinary measures were required is not cause to excuse his failure to follow normal appellate review procedure. *See also Schneider v. McDaniel*, 674 F.3d 1144, 1153-54 (9th Cir. 2012) (discussing *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988), and *Hughes v. Idaho State Bd. of Corrs.*, 800 F.2d 905, 908 (9th Cir. 1986)).

Mr. Harper was specifically told by two separate courts that he must appeal the revocation judgment, fails to do it, and also fails to present in the state court any reason for failing to do it.

Mr. Harper alleges no excuse for his procedural default. These claims should be dismissed with prejudice.

**C. Sentence Review**

Mr. Harper refers to a 120-day period for "sentence review." Pet. at 9, 11. It appears he is confusing two procedures. Within 60 days after sentencing, a defendant may apply for sentence review before the Sentence Review Division of the Montana Supreme Court. *See* Mont. Code Ann. § 46-18-903(1). Within 120 days after sentencing, a defendant or the State may move to conform the written judgment to the judgment pronounced in open court. Mont. Code Ann. § 46-18-116(2). Mr. Harper, however, alleges no need to conform the judgments.

Mr. Harper may contend he was prevented from applying for sentence review because he was not given notice of his opportunity to do so.[8] Pet. at 9, 11. While Mr.

---

[8] Mr. Harper also contends he was deprived of transcripts. Pet. at 11. The case numbers he cites, however, concern the misdemeanor resisting arrest conviction, CDC 11-204, *see* Am. Notice of Filing at 1, *Harper*, No. DA 12-0211 (Mont. Apr. 3, 2012)), and the habeas petition he filed in the trial court, ADV 11-0956, *see* Notice of Filing at 1, *Harper* No. DA 12-0106 (Mont. Feb. 10, 2012)), which was fully addressed on the merits of claim against the 1996 sentence without need for a transcript.

Harper is entitled to such notice under state law, Mont. Code Ann. § 46-18-903(1), a violation of state law does not give rise to a claim for federal habeas relief. *Wilson v. Corcoran*, __ U.S. __, 131 S. Ct. 13, 16 (2010) (per curiam). Mr. Harper may have applied for review and seen his application denied or dismissed as untimely; or he may not have applied at all. Whichever of those things is true, Mr. Harper cannot show he has been deprived of an opportunity to be heard, because he could have applied in the Sentence Review Division, *see* Sent. Review Div. Rule 7, as soon as he realized he was entitled to sentence review.

In addition, Mr. Harper's revocation sentence of ten years with five suspended does not itself violate federal constitutional law. This claim should be dismissed because it fails to state a claim on which relief may be granted under 28 U.S.C. § 2254.

**D. Recharacterization of State Court Pleading**

Finally, Mr. Harper claims that Judge McCarter erred in recharacterizing a habeas petition, which he filed *pro se* in the trial court in the midst of revocation proceedings, as a petition for postconviction relief. This claim is not cognizable under 28 U.S.C. § 2254. There is no nexus between the legality or illegality of his custody and the manner in which post-judgment proceedings in state court were conducted. 28 U.S.C. § 2254(a); *Bailey v. Hill*, 599 F.3d 976, 980 (9th Cir. 2010) (quoting 1

Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 9.1, at 438 & n.6 (5th ed. 2005)). Further, the trial court actually treated only one claim as a postconviction claim, addressing the others just as Mr. Harper presented them. *See* Order at 2 ¶ 3, *Harper v. State*, No. DA 12-0106 (Mont. Dec. 19, 2012). And the Montana Supreme Court considered his claim both in habeas and as a postconviction claim. *Id.* at 2-3 ¶ 4; *see also* Order at 2, *Harper*, No. OP 12-0107 (Mont. Apr. 24, 2012). This claim should be dismissed.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

This Court has no jurisdiction over any claims concerning Mr. Harper's 1996 conviction and sentence. He has already litigated a federal habeas challenge to that judgment.

Mr. Harper's claims concerning the revocation of the suspended portion of the sentence imposed for the 1996 conviction are procedurally defaulted. The procedural infirmity of the revocation claims is not debatable. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

As to sentence review, either Mr. Harper applied for review and the Division denied or refused to hear his claim, in which case he had an opportunity to be heard and there was no due process violation; or he did not apply, and he has no claim. Finally, no claim is cognizable under 28 U.S.C. § 2254 where a petitioner disagrees with a state court's recharacterization of the state-law basis of one claim for relief.

Reasonable jurists would find no reason to encourage further proceedings in this matter. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Claims regarding the 1996 conviction or sentence should be DISMISSED for lack of subject-matter jurisdiction. All other claims should be DISMISSED WITH PREJUDICE.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Harper may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Mr. Harper files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Mr. Harper from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Harper must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 5th day of August, 2013.

    /s/ Keith Strong
Keith Strong
United States Magistrate Judge